Philippe A. Zimmerman (PZ 7744)
MOSES & SINGER LLP
1301 Avenue of the Americas
New York, NY 10019-6076
(212) 554-7800

Attorneys for Plaintiff,
Tai Wing Wah Restaurant and Bakery, Inc

Bing Li (BL 5550)
J. Vincent Reppert (JVR 1984)
REPPERT KELLY, LLC
1350 Broadway, 11th Floor
New York, NY 10018-0947
(212) 490-0988

Attorneys for Defendant,
Star Mark Management, Inc.

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.

★ SEP 28 2005 ★

BROOKLYN OFFICE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TAI WING WAH RESTAURANT AND BAKERY, INC., a Canadian corporation,<br><br>Plaintiff,<br><br>v.<br><br>STAR MARK MANAGEMENT, INC., a New York corporation,<br><br>Defendant. | Civil Action No. 04 Civ. 3945 (JBW) (ASC)<br><br>CONSENT JUDGMENT AND PERMANENT INJUNCTION |

**WHEREAS**, Plaintiff, TAI WING WAH RESTAURANT AND BAKERY, INC. ("Plaintiff"), a Canadian corporation whose primary business is the manufacture, importation, exportation, and wholesale and retail sale of food products, including baked goods, filed a complaint in this Court on September 13, 2004 alleging that defendant STAR MARK MANAGEMENT, INC., a New York corporation ("Defendant"), infringed upon plaintiffs' WING WAH MOON CAKES ® ™, U.S. Trademark Registration No. 1,543,766 ("the



Trademark"), in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114) and certain trade dress infringement and unfair competition claims;

**WHEREAS**, Defendant appeared in this action by filing an Answer to the Complaint on November 5, 2004, denying the allegations with various affirmative defenses and a counterclaim challenging plaintiff's Trademark under Section 37 of the Lanham Act (15 U.S.C. § 1119);

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. Defendant STAR MARK MANAGEMENT, INC. is hereby permanently enjoined from all use of the words JIA WAH MOON CAKES, in Chinese or English characters, and/or a Peonies Flower Design in any manner or form, and from otherwise using the Trademark and all other confusingly similar marks, in connection with the importation, distribution, advertisement, promotion or sale of Chinese pastries. This injunction as to "all use" by Defendant shall include, but not be limited to: (1) all Internet usage, including domain names, (2) all packaging, labels, brochures, letterhead, promotional materials and any other advertising materials, whether in print, for television or radio broadcast, or for other distribution and (3) any applications to register or registrations with any state or federal agency. This injunction shall be binding upon Defendant, its officers, directors, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, except to the extent of the 1,600 cases of moon cake of 16 piece counts that Star Mark shipped and sold in the U.S.A. between July 18 and September 14, 2005 under the design as shown in the attached and with plaintiff's consent thereto.

2. U.S. Registration No. 1,543,766 is valid and incontestable.

3. Within fourteen (14) days of entry of this Order, Defendant shall turn over to

Plaintiff's counsel for destruction any and all remaining artwork and inventory of products bearing the infringing mark, or any mark confusingly similar thereto.

4. Within fourteen (14) days of entry of this Order, Defendant shall pay Plaintiff $2,500.

5. This is a final judgment. All other claims of the parties are hereby dismissed with prejudice. Each party shall bear its own costs and attorney's fees. If either party institutes any action or proceeding in the future in connection with this Consent Judgment and Permanent Injunction, the prevailing party shall be entitled, in addition to such other relief as may be granted, to be reimbursed by the losing party for all costs and expenses incurred thereby, including, but not limited to, reasonable attorneys' fees and costs.

6. This Court retains jurisdiction to enforce this Order.

7. The effective date of this Final Judgment is the date recited below.

8. Facsimile signatures by the parties and their respective attorneys shall be deemed by the signatories to have the same effect as original signatures.

It is so ordered.
Dated this 21 day of Sept. 2005.

_____
United States District Court Judge

SO STIPULATED,

MOSES & SINGER LLP

Dated:_____   By:_____
                         Philippe A. Zimmerman

                         Attorneys for Plaintiff,
                         Tai Wing Wah Restaurant and Bakery, Inc.

TAI WING WAH RESTAURANT AND BAKERY, INC.

Dated: 20050825          By: _____
                              [Name]   Henderson N H Tse

REPPERT KELLY, LLC

Dated: _____   By: _____
                              Bing Li
                              J. Vincent Reppert

                              Attorneys for Defendant,
                              Star Mark Management, Inc.

STAR MARK MANAGEMENT, INC.

Dated: _____   By: _____
                              [Name]

TAI WING WAH RESTAURANT AND BAKERY, INC.

Dated:_____    By:_____
                          [Name]

REPPERT KELLY, LLC

Dated:_____    By: /s/ Bing Li / J. Vincent Reppert
                          Bing Li
                          J. Vincent Reppert

Attorneys for Defendant,
Star Mark Management, Inc.

STAR MARK MANAGEMENT, INC.

Dated:_____    By:_____
                          [Name]

## Attachment to Consent Judgment and Permanent Injunction
Tai Wing Wah Restaurant and Bakery, Inc. v. Star Mark Management, Inc.
Case No. 04 Civ. 3945 (JBW)



# MOSES & SINGER LLP

THE CHRYSLER BUILDING
405 Lexington Avenue, NY, NY 10174-1299
Tel: 212.554.7800   Fax: 212.554.7700
www.mosessinger.com

Philippe Zimmerman, Esq.
Direct: 212.554.7895   Fax: 917.206.4395
pzimmerman@mosessinger.com

September 20, 2005

**BY HAND**

Hon. Cheryl L. Pollak, U.S.M.J.
United States District Court
Eastern District of New York
255 Cadman Plaza East
Brooklyn, NY 11201

      Re: **Tai Wing Wah Restaurant and Bakery Inc.
v. Star Mark Management, Inc.
Case No.: 04 cov. 3945 (JBW) (CLP)**

Dear Judge Pollak:

We represent Plaintiff in the referenced matter.

On behalf the parties herein, please find enclosed a proposed Consent Judgment and Permanent Injunction for Your Honor's consideration.

The submission of this proposed order was unfortunately delayed as a result of an illness in the family of an owner of Defendant.

                                          Respectfully submitted,

                                          Philippe Zimmerman

Enc.

cc:    Bing Li, Esq.